1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  KAYRINKIA J. GILLILAND,            No.  2:13-cv-02042 JAM-AC

12              Plaintiff,

13      v.                             **ORDER GRANTING DEFENDANTS'**
                                       **MOTION TO DISMISS**
14  CHASE HOME FINANCE, LLC;
    CHASE HOME FINANCE, INC.; JP
15  MORGAN & COMPANY; JP MORGAN
    CHASE; CHASE BANK USA; GLENN
16  J. MOURIDY; THOMAS WIND and
    Does I-XX et al.,
17
              Defendants.
18

19       Defendants JPMorgan Chase Bank, N.A. s/b/m to Chase Home

20  Finance, LLC; JPMorgan Chase Bank, N.A.; and Chase Bank USA,

21  N.A.'s (collectively "Defendants") moved to dismiss Plaintiff's

22  complaint (Doc. #7).  Plaintiff Kayrinkia J. Gilliland

23  ("Plaintiff") opposed the motion (Doc. #17-3) and Defendants

24  replied (Doc. #19).[1]  For the reasons set forth below,

25  Defendants' motion is GRANTED.

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28  for December 11, 2013.

                                   1

1        I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2        Plaintiff filed this action on October 1, 2013 (Doc. #1).

3   In the complaint, Plaintiff alleges seven causes of action

4   against Defendants and Defendants Glenn J. Mouridy, Thomas Wind,

5   Matthew E. Zames, James Dimon, Thomas E. Higgins, and James Bill:

6   (1) breach of a written contract; (2) breach of covenant of good

7   faith and fair dealing, (3) wrongful foreclosure,

8   (4) misrepresentation, (5) unfair business practices pursuant to

9   Business and Professional Code Section 17200 ("UCL claim"),

10  (6) breach of California Civil Code Sections 2923 and 2924, and

11  (7) dual tracking in violation of Civil Code Sections 2923 and

12  2924.  Compl. ¶¶ 34-75.  On October 29, 2013, Defendants moved to

13  dismiss all seven claims (Doc. #7).

14       Based on the complaint and judicially noticeable facts,

15  Plaintiff purchased the real property located at 1517 Los Robles

16  Blvd, Sacramento, California, in 1982 ("Property").  Compl. ¶ 1;

17  Memorandum of Agreement of Sale, Ex. 1 to Defendants' Request for

18  Judicial Notice ("RJN"), Doc. #8.  In 2007, Plaintiff obtained a

19  $145,000 mortgage loan from Defendants encumbering the Property.

20  Deed of Trust, Ex. 3 to RJN, Doc. #8, at 1, 3.  On or about

21  December 2009, Defendants allegedly notified Plaintiff that she

22  was eligible for benefits under the federal government Home

23  Affordable Modification Program ("HAMP").  Compl. ¶ 19.  The

24  notice stated that "If you comply with the terms of the Home

25  Affordable Modification Trial Period Plan ('Trial Period Plan'),

26  Defendants promise to modify the terms of your home loan."  Id.

27  The trial period required three payments in January, February,

28  and March of 2010, which Plaintiff allegedly made.  Id. ¶¶ 20-21.

2

1    Defendants allegedly accepted the payments.  Id. ¶ 22.

2        On or about March 31, 2010, Defendants wrote to Plaintiff

3    and included the Home Affordable Modification Agreement

4    ("Modification Agreement"), which Plaintiff contends she signed

5    and returned on April 13, 2010, as required.  Id. ¶ 23.

6        On or about April 16, 2010, Plaintiff allegedly received a

7    phone call from John Pankow on behalf of Defendants who told

8    Plaintiff that her home was not in foreclosure proceedings and

9    promised that Defendants would not foreclose her home.  Id. ¶ 26.

10   Plaintiff claims he also told her to stop making payments

11   pursuant to the Modification Agreement because she would lose her

12   money.  Id. ¶ 26.  Plaintiff allegedly relied on these

13   representations and did not think her home would be foreclosed.

14   Id. ¶ 27.  On or about May 29, 2010, Defendants notified

15   Plaintiff in writing that she was in default and would be

16   required within 32 days to pay more than $5,000 to cure her

17   default.  Id. ¶ 28.  On or about June 2010, Plaintiff allegedly

18   spoke with Defendants who told her not make payments, that she

19   was being considered for a modification, and promised that

20   Defendants would not foreclose her home.  Id. ¶ 29.  Plaintiff

21   did not make payments pursuant to the Modification Agreement and

22   her home was foreclosed.  Id. ¶ 31.  The property was sold at a

23   trustee's sale in September 2011.  Trustee's Deed Upon Sale, Ex.

24   8, RJN.

25

26                      II.   OPINION

27       A.   Legal Standard

28       A party may move to dismiss an action for failure to state a

                              3

claim upon which relief can be granted pursuant to Federal Rule
of Civil Procedure 12(b)(6).  To survive a motion to dismiss a
plaintiff must plead "enough facts to state a claim to relief
that is plausible on its face."  Bell Atlantic Corp. v. Twombly,
556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a
district court must accept all the allegations in the complaint
as true and draw all reasonable inferences in favor of the
plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
overruled on other grounds by Davis v. Scherer, 468 U.S. 183
(1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be
entitled to the presumption of truth, allegations in a complaint
or counterclaim may not simply recite the elements of a cause of
action, but must sufficiently allege underlying facts to give
fair notice and enable the opposing party to defend itself
effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.
2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S.
2012).  "Second, the factual allegations that are taken as true
must plausibly suggest an entitlement to relief, such that it is
not unfair to require the opposing party to be subjected to the
expense of discovery and continued litigation."  Id.  Assertions
that are mere "legal conclusions" are therefore not entitled to
the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009) (citing Twombly, 550 U.S. at 555).  Dismissal is
appropriate when a plaintiff fails to state a claim supportable
by a cognizable legal theory.  Balistreri v. Pacifica Police
Department, 901 F.2d 696, 699 (9th Cir. 1990).

    Upon granting a motion to dismiss for failure to state a
claim, a court has discretion to allow leave to amend the

4

1  complaint pursuant to Federal Rule of Civil Procedure 15(a).

2  "Dismissal with prejudice and without leave to amend is not

3  appropriate unless it is clear . . . that the complaint could not

4  be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,

5  Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

6       B.   Judicial Notice

7       Defendants request judicial notice of (1) a Memorandum

8  Agreement of Sale, (2) a Grant Deed, (3) a Deed of Trust, (4) a

9  Substitution of Trustee, (5) a Notice of Default, (6) an

10 Assignment of Deed of Trust, (7) a Notice of Trustee's Sale, and

11 (8) Trustee's Deed Upon Sale.  Ex. 1-8, RJN, Doc. #8.  Exhibits 1

12 through 8 are appropriate for judicial notice because they are

13 public records and are "not subject to reasonable dispute."  Fed.

14 R. Evid. 201(b).  Accordingly, the Court GRANTS Defendants'

15 request for judicial notice.

16      C.   Discussion

17           1.   First Cause of Action for Breach of Contract

18      Defendants move to dismiss Plaintiff's first cause of action

19 for breach of contract because Plaintiff has not alleged a valid

20 oral contract.  Plaintiff argues that Defendants have

21 misconstrued her first cause of action because it is not a cause

22 of action for breach of an oral contract but a cause of action

23 for breach of a written agreement.  In their reply, Defendants

24 argue that even if there is a written contract, Plaintiff has

25 failed to allege that Defendants breached it or that Plaintiff

26 suffered any damages as a result.

27      For a breach of contract claim, Plaintiff must allege the

28 following elements: "(1) the contract; (2) plaintiff's

1  performance of the contract or excuse for nonperformance;

2  (3) defendants' breach; and (4) the resulting damage to

3  plaintiff." <u>Lortz v. Connell</u>, 273 Cal. App. 2d 286, 290 (1969).

4       Here, Plaintiff argues that the written contract is the

5  April 2010 Modification Agreement.  Opp. at 3 (citing Compl.

6  ¶¶ 23-24).  Further, she relies on <u>Barroso v. Ocwen Loan</u>

7  <u>Servicing, LLC</u>, 208 Cal.App.4th 1001 (2012), to argue that her

8  breach of contract claim should not be dismissed.  In <u>Barroso</u>,

9  the plaintiff made monthly payments under the modification

10  agreement, and the lender acknowledged receipt of the payments,

11  but her home was nonetheless sold in a foreclosure sale.  208

12  Cal.App.4th at 1005-09.  Here, unlike in <u>Barroso</u>, Plaintiff did

13  not make the payments pursuant to the Modification Agreement

14  because she allegedly relied on the statements made by

15  Defendants' representatives assuring her that her home would not

16  be foreclosed if she stopped making her payments.  Compl. ¶¶ 26-

17  31.  She argues that when Defendants made these statements it was

18  an anticipatory breach by Defendants because these statements

19  give the inference "that Defendants will not perform pursuant to

20  the parties contractual agreement."  Opp. at 5.

21       Under California law, "[a]nticipatory breach occurs when one

22  of the parties to a bilateral contract repudiates the contract.

23  The repudiation may be express or implied.  An express

24  repudiation is a clear, positive, unequivocal refusal to perform

25  . . . an implied repudiation results from conduct where the

26  promisor puts it out of his power to perform so as to make

27  substantial performance of his promise impossible." <u>Taylor v.</u>

28  <u>Johnston</u>, 15 Cal. 3d 130, 137, 539 P.2d 425, 430 (1975)

1    (citations omitted).

2        Here, Plaintiff alleges that an anticipatory breach occurred

3    on April 16, 2010, when a person representing Defendants called

4    her and told her to stop making payments because any further

5    payments would not be refunded.  However, this allegation is not

6    "a clear, positive, unequivocal refusal to perform."  Nor has

7    Plaintiff alleged that Defendants did something to put

8    performance out of their power.  Therefore, Plaintiff has failed

9    to sufficiently allege an anticipatory breach.  Because Plaintiff

10   has not alleged a breach by Defendants, the Court need not

11   address Defendants' other arguments.

12       Accordingly, the Court dismisses Plaintiff's breach of a

13   written contract claim.  The Court grants Plaintiff leave to

14   amend because Plaintiff may be able to allege all the required

15   elements of a breach of contract claim.

16            2.   Second Cause of Action for Breach of the Covenant
                  of Good Faith and Fair Dealing
17

18       Defendants move to dismiss Plaintiff's second cause of

19   action for breach of the covenant of good faith and fair dealing,

20   in part, because Plaintiff's allegations are contradictory.  Mot.

21   at 5-6.  Plaintiff contends that Defendants mischaracterize her

22   claim and the case law cited by Defendants does not apply.

23       Every contract "imposes upon each party a duty of good faith

24   and fair dealing in its performance and its enforcement."

25   Fortaleza v. PNC Fin. Servs. Grp., Inc., 642 F. Supp. 2d 1012,

26   1021-22 (N.D. Cal. 2009)(citing McClain v. Octagon Plaza, LLC,

27   159 Cal.App.4th 784, 798 (2008)).  "To establish a breach of an

28   implied covenant of good faith and fair dealing, a plaintiff must

establish the existence of a contractual obligation, along with
conduct that frustrates the other party's rights to benefit from
the contract." Id. (citations omitted).  More importantly, "to
state a claim for breach of the implied covenant of good faith
and fair dealing, a plaintiff must identify the specific
contractual provision that was frustrated." Plastino v. Wells
Fargo Bank, 873 F. Supp. 2d 1179, 1191 (N.D. Cal. 2012) (quoting
Perez v. Wells Fargo Bank, N.A., No. 11-02279, 2011 WL 3809808,
at *18 (N.D. Cal. Aug. 29, 2011).  As Plaintiff argues, the cases
cited by Defendants, Applied Equip. Corp. v. Litton Saudi Arabia
Ltd., 7 Cal. 4th 503 (1994) and Bionghi v. Metro. Water Dist. of
So. California, 70 Cal.App.4th 1358, 1370 (1999), do not apply
because the court in Applied does not directly analyze a breach
of the covenant of good faith and fair dealing claim and in
Bionghi, the court held that there was no underlying contract.

In the complaint, Plaintiff alleges that she fully performed
under the terms of the Modification Agreement, which obligated
Defendants to modify Plaintiff's loan documents to a permanent,
thirty-year loan with fixed terms but they allegedly refused.
Compl. ¶¶ 40-41.  This contradicts the allegation in her
complaint that she stopped making monthly payments under the
Modification Agreement.  Compl. ¶ 31.  There are also no
allegations in the complaint that the Modification Agreement
obligated Defendants to modify Plaintiff's loan documents.
Plaintiff alleges that Defendants promised that if she complied
"with the terms of the Home Affordable Modification Trial Period
Plan ('Trial Period Plan'), Defendants [would] modify the terms
of [her] home loan."  Compl. ¶ 19.  However, that obligation was

1    part of the Trial Period Plan not the Modification Agreement,

2    which, according to Plaintiff, resulted from her compliance with

3    the Trial Period Plan.  Therefore, Plaintiff has not alleged a

4    contractual obligation as required to establish a breach of an

5    implied covenant of good faith and fair dealing.  See Barroso,

6    208 Cal.App.4th at 1015 (holding that the plaintiff could amend

7    her cause of action for breach of the implied covenant of good

8    faith and fair dealing because under the terms of the

9    Modification Agreement, the defendant was obligated to modify

10   plaintiff's loan documents).

11       Accordingly, the Court dismisses Plaintiff's second cause of

12   action.  Because Plaintiff may be able to clarify this cause of

13   action, the Court grants Plaintiff leave to amend.

14            3.   Third Cause of Action for Wrongful Foreclosure

15       Defendants move to dismiss Plaintiff's third cause of action

16   for wrongful foreclosure because Plaintiff did not cure the

17   default and did not tender.  Plaintiff argues that she stated a

18   cause of action for wrongful foreclosure by alleging that the

19   servicer performed a foreclosure sale when she had made all the

20   payments due, citing Bank of America v. La Jolla Group II (2009)

21   (2005) 129 Cal.App.4th 706, 712, in her complaint, and Barroso,

22   208 Cal.App.4th at 1017, in her opposition.  Opp. at 7; compl. ¶¶

23   46-47.

24       For a wrongful foreclosure claim, a plaintiff must allege

25   that "(1) Defendants caused an illegal, fraudulent, or willfully

26   oppressive sale of the property pursuant to a power of sale in a

27   mortgage or deed of trust; (2) Plaintiffs suffered prejudice or

28   harm; and (3) Plaintiffs tendered the amount of the secured

indebtedness or were excused from tendering."  <u>Nugent v. Fed.</u>
<u>Home Loan Mortgage Corp.</u>, 2:12-CV-00091-GEB, 2013 WL 1326425, at
*7 (E.D. Cal. Mar. 29, 2013).  "A full tender must be made to set
aside a foreclosure sale, based on equitable principles."
<u>Barroso</u>, 208 Cal.App.4th at 1016.  A plaintiff may be able to
state a wrongful foreclosure claim without full tender, "[i]f,
after a default, the trustor and beneficiary enter into an
agreement to cure the default and reinstate the loan, no
contractual basis remains for exercising the power of sale."  <u>Id.</u>
(quoting <u>La Jolla Grp. II</u>, 129 Cal.App.4th at 712)).  In <u>Barroso</u>,
the court held that the plaintiff had made all payments due and
therefore the foreclosure was wrongful and it was not necessary
to tender.  <u>Id.</u>  Similarly, in <u>La Jolla Group</u>, someone acting on
behalf of the homeowners tendered a payment on the loan and the
bank accepted the payment; therefore, the court held that the
homeowners and bank had entered into an agreement to cure the
default and it followed that the bank could not sell the home.
129 Cal.App.4th at 712.

In this case, Plaintiff alleges that "[p]ursuant to the
Modification Agreement, all arrearages were capitalized and the
default was cured."  Compl. ¶ 46.  However, this contradicts her
earlier allegation that "[h]ad Plaintiff known that Defendants
intended to foreclose upon her home and did not intend to agree
to and perform pursuant to the Modification Agreement, Plaintiff
would have cured the default on her home."  <u>Id.</u> ¶ 32.  Because of
these contradictory allegations, it is unclear from the complaint
whether the default was cured.  Therefore, the Court cannot
determine whether full tender is required.

1   Accordingly, the Court dismisses Plaintiff's third cause of

2   action.  The Court grants Plaintiff leave to amend this claim

3   because she may able to clarify her allegations.

4           4.   Fourth Cause of Action for Misrepresentation

5       Defendants move to dismiss Plaintiff's fourth cause of

6   action for misrepresentation because she has not alleged

7   knowledge of falsity and intent to defraud with required

8   specificity.  Plaintiff argues that she sufficiently alleged the

9   names of the accused, the misrepresentations, dates, and how the

10  misrepresentations were made.  She also argues that intent and

11  knowledge may be proven by circumstantial evidence.

12      For an intentional misrepresentation claim, a plaintiff must

13  allege "(1) a misrepresentation; (2) knowledge of falsity;

14  (3) intent to defraud or to induce reliance; (4) justifiable

15  reliance; and (5) resulting damage."  McReynolds v. HSBC Bank

16  USA, 5:11-CV-05245 EJD, 2012 WL 5868945, at *2 (N.D. Cal. Nov.

17  19, 2012) (citing Engalla v. Permanente Med. Group, Inc., 15 Cal.

18  4th 951, 974 (1997)).  Under Federal Rule of Civil Procedure

19  9(b), claims of fraud must be pleaded with particularity.  Fed.

20  R. Civ. Pro. 9; see also Neilson v. Union Bank of Cal., N.A., 290

21  F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well established

22  in the Ninth Circuit that both claims for fraud and negligent

23  misrepresentation must meet Rule 9(b)'s particularity

24  requirement.")  The heightened pleading requirement of Rule 9(b),

25  however, does not apply to allegations of knowledge or intent.

26  Fed. R. Civ. Pro. 9(b) ("Malice, intent, knowledge, and other

27  conditions of a person's mind may be alleged generally.")

28  However, "[p]laintiffs must still plead facts establishing

1    scienter with the plausibility required under Rule 8(a)" <u>DeLeon</u>

2    <u>v. Wells Fargo Bank, N.A.</u>, 10-CV-01390-LHK, 2011 WL 311376, at *8

3    (N.D. Cal. Jan. 28, 2011) (citing <u>Iqbal</u>, 129 S.Ct. at 1954).

4        Here, Plaintiff alleges that the Defendants' representatives

5    misrepresented that Plaintiff's home was not in foreclosure

6    proceedings.  Compl. ¶ 49.  Plaintiff further alleges that

7    "Defendants knew that Plaintiff's home was in foreclosure

8    proceedings" and "Defendants made these misrepresentations with

9    the intent to mislead Plaintiff for the purpose of obtaining

10   title to Plaintiff's home, thereby surreptitiously 'stealing'

11   Plaintiff's home."  <u>Id.</u> ¶¶ 49-50.  However, these allegations are

12   conclusory because Plaintiff provides no facts from which the

13   Court can infer intent or knowledge.  Moreover, while Plaintiff

14   may prove intent and knowledge through circumstantial evidence,

15   none of those facts are alleged in the complaint.  Therefore,

16   Plaintiff's allegations do not meet the pleading requirements.

17   Accordingly, the Court dismisses Plaintiff's fourth cause of

18   action for misrepresentation.  Because Plaintiff may be able to

19   allege more facts, the Court grants leave to amend.

20              5.   <u>Fifth Cause of Action for Unfair Business</u>
                     <u>Practices</u>
21

22       Defendants move to dismiss Plaintiff's fifth cause of action

23   for unfair business practices pursuant to Business and

24   Professional Code Section 17200 ("Section 17200") because

25   Plaintiff does not seek an appropriate form of relief, Plaintiff

26   has no standing, and there is no violation of a predicate

27   statute.  Plaintiff argues that she has suffered an injury and

28   violations of predicate statues and law are alleged throughout

                                   12

1    all causes of action.

2        Under Section 17200, unfair competition is defined as "any

3    unlawful, unfair or fraudulent business act or practice" and

4    "unfair, deceptive, untrue or misleading advertising." See Cal.

5    Bus. & Prof. Code § 17200.  An act is "unlawful" if it violates

6    an underlying state or federal statute or common law. See Cel-

7    Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20

8    Cal. 4th 163, 180 (1999).  An act is "unfair" if the act

9    "threatens an incipient violation of an antitrust law, or

10   violates the policy or spirit of one of those laws because its

11   effects are comparable to or the same as a violation of the law."

12   Id. at 187.  A practice is "fraudulent" if members of the public

13   are likely to be deceived.  See Committee on Children's

14   Television, Inc. v. Gen'l Foods Corp., 35 Cal.3d 197, 211 (1983).

15       Here, Plaintiff alleges that Defendants violated

16   "[California] Civil Code sections 2923.55, 2923.6, 2923.7, 2924b,

17   2934a, 2924.8, 2923.5."  Compl. ¶ 60.  Defendants argue that

18   Plaintiff has not stated a claim under any of these statutes.  In

19   her opposition, Plaintiff argues that Defendants have violated

20   these statutes but does not address all of Defendants' arguments.

21   Each statute is discussed in turn below.

22       California Civil Code Sections 2923.55, 2923.6, and 2923.7

23   are all part of the Homeowner Bill of Rights (the "HBOR"), which

24   became effective on January 1, 2013.  Guglielmelli v. Wells Fargo

25   Bank, N.A., 2013 U.S. Dist. LEXIS 43063, at *10 (C.D. Cal. Mar.

26   26, 2013) (holding that that the HBOR provisions alleged by

27   Plaintiff, including Sections 2923.55, 2923.6, 2923.7, became

28   effective on January 1, 2013).  Moreover, these provisions do not

                                    13

1  apply retroactively.  Id.  In this case, all the conduct

2  Plaintiff alleges occurred between December 2009 and September

3  2011, when the property was sold.  Compl. ¶¶ 19-30; Notice of

4  Trustee's Deed Upon Sale, Ex. 8, RJN.  Because Plaintiff has not

5  alleged any conduct by Defendants that occurred after January 1,

6  2013, Plaintiff cannot state a claim under these sections.

7  Accordingly, the Court dismisses Plaintiff's claims for violation

8  of Sections 2923.55, 2923.6, and 2923.7.

9      California Civil Code Section 2924b ("Section 2924b")

10 "governs notices of default in nonjudicial foreclosure

11 proceedings."  Banc of America Leasing & Capital, LLC v. 3 Arch

12 Trustee Services, Inc., 180 Cal.App.4th 1090, 1097 (2009)

13 (explaining the duties of a trustee under Section 2924b).  The

14 complaint contains no factual allegations regarding the trustee

15 or how Defendants violated Section 2924b and therefore, the claim

16 is not properly alleged.  Defendants also argue that Section

17 2924b is preempted by the Home Owners Loan Act ("HOLA"), 12

18 U.S.C. §§ 1461, et seq., citing Fowler v. Wells Fargo Bank, C 12-

19 04869 DMR, 2012 WL 5503538, at *5 (N.D. Cal. Nov. 13, 2012).

20 However, Fowler relies on a case that holds that Section 2924,

21 not Section 2924b, is preempted.  See Wienke v. Indymac Bank FSB,

22 CV 10-4082 NJV, 2011 WL 871749, at *4 (N.D. Cal. Mar. 14, 2011).

23 Nevertheless, because Plaintiff has failed to allege sufficient

24 facts, the claim for violation of Section 2924b is dismissed.

25     California Civil Code Section 2934a ("Section 2934a")

26 governs the recording and notices of the substitution of a

27 trustee.  Permito v. Wells Fargo Bank, N.A., C-12-00545 YGR, 2012

28 WL 1380322, at *4 (N.D. Cal. Apr. 20, 2012) (explaining the

1   procedure for substitution of trustee under Section 2934a).  In

2   the complaint, Plaintiff has not alleged any facts to show that

3   the substitution of trustee failed to meet the statutory

4   requirements.  In addition, based on judicially noticeable

5   documents, First American Title, the trustee under the Deed of

6   Trust, recorded a Substitution of Trustee in September 2010,

7   which a trustee may do under Section 2934a.  See Deed of Trust,

8   Ex. 3 to RJN, at 2 (listing First American Title as trustee);

9   Substitution of Trustee, Ex. 4 to RJN, at 1 (stating that First

10  American Title filed a Substitution of Trustee).  Therefore,

11  Plaintiff's claim for violation of Section 2934a is dismissed.

12       California Civil Code Section 2924.8 ("Section 2924.8")

13  requires that a notice of a trustee's sale be provided to the

14  homeowner twenty days prior to the sale.  Cal. Civ. Code

15  § 2924.8(d).  This section applies to loans "if the billing

16  address for the mortgage note is different than the property

17  address." Cal. Civ. Code § 2924.8(d).  As such, Plaintiff would

18  need to allege that her billing address is different from her

19  property address, which she has not done.  In addition, Plaintiff

20  has not alleged that she did not receive notice twenty days

21  before the sale.  Therefore, Plaintiff's claim for violation of

22  this statute is dismissed.

23       California Civil Code Section 2923.5 ("Section 2923.5")

24  governs the notice requirements for initiating nonjudicial

25  foreclosure.  Defendant argues that that courts evaluating

26  compliance of Section 2923.5 have held that allegations of non-

27  compliance fail in the presence of a declaration of compliance

28  attached to a notice of default.  However, the Court need not

1  address this issue because the claim is moot.  Although neither

2  party raised this argument, the Court is obligated to raise the

3  mootness argument *sua sponte* because it is a jurisdictional

4  issue.  <u>Gator.com Corp. v. L.L. Bean, Inc.</u>, 398 F.3d 1125, 1129

5  (9th Cir. 2005) (stating that because mootness is a

6  jurisdictional issue, federal courts are obliged to raise it <u>sua</u>

7  <u>sponte</u>).  Under Section 2923.5, the only remedy is the

8  postponement of the foreclosure sale before it occurs.  <u>Salcido</u>

9  <u>v. Vericrest Fin. & Summit Mgmt. Co. LLC</u>, C 13-3450 SBA, 2013 WL

10 5946090, at *3 (N.D. Cal. Nov. 5, 2013).  "Where a sale has

11 already transpired, a cause of action arising under section

12 2923.5 is moot."  <u>Id.</u>  Here, the sale has already transpired.

13 Since the Property was sold September 2011 (Notice of Trustee's

14 Deed Upon Sale, Ex. 8, RJN), Plaintiff has no recourse under

15 Section 2923.5.  Therefore, the Court dismisses this claim as

16 moot.

17     Thus, Plaintiff has failed to allege a violation of Sections

18 2923.55, 2923.6, 2923.7, 2924b, 2934a, 2924.8, and 2923.5.  In

19 the absence of violation of a borrowed law, a UCL claim fails

20 under the unlawful prong of Section 17200.  In addition, to the

21 extent Plaintiff relies on breach of contract, breach of good

22 faith and fair dealing, or misrepresentation to serve the basis

23 for the UCL claim (Opp. at 13), the UCL claim fails for the

24 reasons mentioned above.  Accordingly, the Court dismisses

25 Plaintiff's UCL claim.  The Court grants leave to amend

26 Plaintiff's UCL claim predicated on violation of Sections 2924b,

27 2934a, and 2924.8 because Plaintiff may be able to allege more

28 facts and clarify the claims.  However, the Court denies leave to

1    amend Plaintiff's UCL claim to the extent it is predicated on

2    violation of Sections 2823.55, 2923.6, 2923.7, and 2923.5 because

3    amendment would be futile.  Because the Court dismisses

4    Plaintiff's UCL claim, the Court need not address Defendants'

5    remedy and standing arguments.

6           6.    <u>Sixth Cause of Action for Breach of Civil Code
                   Sections 2923 and 2924</u>
7

8         Defendants move to dismiss Plaintiff's sixth cause of action

9    for breach of Sections 2923 and 2924 because the sections do not

10   apply retroactively and Plaintiff has failed to allege sufficient

11   facts.  Plaintiff argues that Defendants' argument does not

12   preclude an award of damages.  Opp. at 14.

13        Specifically, Plaintiff alleges that Defendants violated

14   California Civil Code Sections 2923.5, 2923.55, 2923.6, 2923.7,

15   2924, 2924.17, 2924.18.  Plaintiff's claim for violation of

16   Section 2923.5 is moot because the foreclosure sale has already

17   occurred as mentioned above.  Plaintiff's claim for violation of

18   Sections 2923.55, 2923.6, and 2923.7, fail because they are part

19   of the HBOR, which took effect on January 1, 2013 and does not

20   apply retroactively, as mentioned above.  Similarly, Sections

21   2924.17 and 2924.18 are part of the HBOR.  <u>Michael J. Weber</u>

22   <u>Living Trust v. Wells Fargo Bank, N.A.</u>, 13-CV-00542-JST, 2013 WL

23   1196959, at *4 (N.D. Cal. Mar. 25, 2013) (holding that plaintiffs

24   sections 2924.17 and 2914.18 failed because the statute did not

25   apply retroactively); <u>Sabherwal v. Bank of New York Mellon</u>,

26   11CV2874 WQH-BGS, 2013 WL 4833940, at *10 (S.D. Cal. Sept. 10,

27   2013) (same).  Because Plaintiff has not alleged any conduct by

28   Defendants that occurred after January 1, 2013, Plaintiff's

1    claims fail.

2         Plaintiff argues that Defendants' argument that the HBOR is

3    not retroactive does not preclude an award of damages because the

4    HBOR states that if the foreclosure has not yet occurred, then an

5    injunction is proper relief but if the foreclosure has occurred,

6    then money damages are proper.  Opp. at 14.  Plaintiff however

7    provides no authority for this argument, and more importantly,

8    fails to acknowledge that HBOR does not apply retroactively.

9    Because the HBOR does not apply, it does not matter whether the

10   foreclosure sale has occurred.

11        Finally, Plaintiff alleges that "Defendants failed to file a

12   Civil Code section 2924 declaration" (Comp. ¶ 65), Defendants

13   "filed a false 2924 declaration" (id.), and "The notice of

14   default filed by Defendants did not contain the required

15   declaration per Code section 2924" (id. ¶ 68).  These

16   allegations, as Defendants argue, are contradictory.

17   Furthermore, Section 2924 does not require a declaration.  The

18   declaration requirement is found in Section 2923.5, which

19   provides that "a notice of default filed pursuant to Section 2924

20   shall include a declaration that the mortgagee, beneficiary, or

21   authorized agent has contacted the borrower, [or] has tried with

22   due diligence to contact the borrower as required by this

23   section . . . ."  Cal. Civ. Code § 2923.5(b).  However, as

24   mentioned above, claims pursuant to Section 2923.5 are moot.

25        Accordingly, the Court dismisses Plaintiff's sixth cause of

26   action for breach of Sections 2923 and 2924 because the claim

27   does not apply retroactively or is moot.  No leave to amend is

28   granted because the claim cannot be saved by amendment.

///

7.   Seventh Cause of Action for Dual Tracking in
     Violation of Civil Code Sections 2923 and 2924

Defendants move to dismiss Plaintiff's seventh cause of action for dual tracking in violation of Civil Code Sections 2923 and 2924[2] because the statutes do not apply retroactively. Plaintiff argues that the seventh cause of action is proper but provides no grounds.  Opp. at 14.

Section 2914.18 prohibits the practice of "dual-tracking," or proceeding with foreclosure while considering a lender's eligibility for loan modifications.  Cal. Civ. Code § 2924.18. However, Section 2914.18 became effective on January 1, 2013, and does not apply retroactively.  Because Plaintiff has failed to allege actions that she was dual tracked after January 1, 2013, her dual tracking claim fails.  Further, Plaintiff cannot allege any facts because the house was sold in 2011.

Accordingly, the Court dismisses Plaintiff's seventh cause of action.  The Court does not grant Plaintiff leave to amend because Plaintiff cannot allege facts to show dual tracking.


III.   ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss:

(1)  Plaintiff's fifth cause of action for unfair business

---

[2]  In the complaint, the header for the seventh cause of action provides, "Dual Tracking in Violation of Civil Code sections 2953 and 2954" however the body of complaint states "Defendants' violations under Civil Code sections 2923 and 2924 et. seq." (Compl. ¶ 75).  Accordingly, the Court finds that the header mistakenly lists the Sections 2953 and 2954 and the correct sections are Sections 2923 and 2924.

1  practices predicated on violation of Sections 2823.55, 2923.6,

2  2923.7, and 2923.5;

3      (2)  Plaintiff's sixth cause of action for breach of

4  Sections 2923 and 2924; and

5      (3)  Plaintiff's seventh cause of action for dual tracking

6  in violation of Civil Code Sections 2923 and 2924.

7      The Court DISMISSES WITH LEAVE TO AMEND:

8      (1)  Plaintiff's first cause of action for breach of

9  contract;

10     (2)  Plaintiff's second cause of action for breach of the

11 covenant of good faith and fair dealing;

12     (3)  Plaintiff's third cause of action for wrongful

13 foreclosure;

14     (4)  Plaintiff's fourth cause of action for

15 misrepresentation; and

16     (5)  Plaintiff's fifth cause of action for unfair business

17 practices predicated on violation of Sections 2924b, 2934a, and

18 2924.8.

19     Plaintiff must file her Amended Complaint within twenty (20)

20 days from the date of this Order. Defendants shall file their

21 responsive pleading within twenty (20) days thereafter.  If

22 Plaintiff elects not to file an Amended Complaint, she should

23 file a notice of dismissal within the next twenty (20) days.

24     IT IS SO ORDERED.

25 Dated:  January 28, 2014

26

27 JOHN A. MENDEZ,
   UNITED STATES DISTRICT JUDGE

28